IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BALFOUR BEATTY INFRASTRUCTURE, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | | Civil Action No. RDB-20-3476 |
| | * | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM OPINION**

This case arises out of a contract between the Plaintiff Balfour Beatty Infrastructure, Inc. ("Plaintiff" or "BBII") and the City of Baltimore[1] which the parties entered into on November 20, 2009 relating to the Patapsco Wastewater Treatment Plant. This action is the latest lawsuit seeking this Court's intervention in the administrative process relating to Defendant Mayor and City Council of Baltimore, the Director of the City of Baltimore Department of Public Works, and the Chief of the City of Baltimore Engineering and Construction's ("Defendants" or "the City") review of Plaintiff's contract claims. Plaintiff asserts a due process violation (Count I) and petitions for a writ of mandamus requiring Defendants to immediately perform their obligations in accordance with the contractual dispute process (Counts II and III).[2] (Compl., ECF No. 1.) In 2014, the predecessor

---

[1] The Baltimore City Charter provides that "[t]he inhabitants of the City of Baltimore are a corporation, by the name of the 'Mayor and City Council of Baltimore,' and by that name . . . may sue and be sued." Baltimore City Charter art. 1, § 1.

[2] Plaintiff alleges that this Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction") and 28 U.S.C. § 1332 ("diversity of citizenship"). (Compl.¶¶

1

company of BBII, Fru-Con Construction, LLC, filed a breach of contract suit against the City, which was dismissed by this Court for lack of subject matter jurisdiction. *See Fru-Con Const., LLC v. Mayor and City Council of Baltimore*, No. RDB-14-0434, 2014 WL 6675625 (D. Md. Nov. 24, 2014). In 2015, Plaintiff BBII again brought suit in this Court against Defendant Mayor and City Council of Baltimore alleging breach of contract and breach of implied warranty. *See Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, No. RDB-15-1745, 2016 WL 878328 (D. Md. Mar. 8, 2016), *aff'd*, 855 F.3d 247 (4th Cir. 2017). This Court again dismissed BBII's case for lack of subject matter jurisdiction because BBII had failed to exhaust its administrative remedies. *Id.* This current case represents the third attempt of the Plaintiff to assert that administrative delay results in a constitutional due process claim.

Currently pending before this Court is Defendants' Motion to Dismiss this Complaint for lack of subject matter jurisdiction and for failure to state a claim. (ECF No. 15.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 15) is GRANTED and this case shall be DISMISSED WITH PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black &*

---

15, 16.) BBII is a Delaware corporation with its principal place of business in Atlanta, Georgia, the City is a municipality within the State of Maryland, and the amount in controversy exceeds $75,000. (*Id.* ¶¶ 12, 13, 17.) However, as discussed herein, Defendants contest jurisdiction on the grounds that Plaintiff has failed to exhaust its administrative remedies.

*Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

The background of this case was discussed at length in this Court's March 8, 2016 Memorandum Opinion in *Balfour Beatty Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, No. RDB-15-1745, 2016 WL 878328 (D. Md. Mar. 8, 2016), *aff'd*, 855 F.3d 247 (4th Cir. 2017). In brief, in 2009, Plaintiff BBII (formerly Fru-Con Construction Corporation) entered into a contract with Defendant Mayor and City Council of Baltimore for the construction of the "SC 852R" Project, a construction project related to the Patapsco Water Treatment Plant (the "SC 852R Contract"). (Compl. ¶ 2.) In July of 2011, BBII entered into another contract with the City for the construction of the "SC 845R" Project (the "SC 845R Contract"). (*Id.*)

The City's Department of Public Works Specifications – Materials, Highway, Bridges, Utilities, and Incidental Structures 2006 (the "Green Book") governs both contracts. (*Id.*) The Green Book requires "any claims or requests for additional compensation by BBII to the City be resolved through a City-administered dispute resolution procedure ('Dispute Process')." (*Id.* ¶ 3.) Consistent with the Charter of Baltimore City, Article II, § 4(A), the Green Book dictates the following procedure for "Claims or Disputes":

> Should the Contractor be of the opinion, at any time, that it is entitled to any additional Contract time and/or . . . damages . . . alleged to have been sustained, suffered or incurred by it in connection with the Project, the *Contractor* . . . within ten (10) Calendar Days thereafter shall file a written

> notice of the claim with the Engineer ['duly authorized representative of the City of Baltimore']. Within thirty (30) days . . . the Contractor shall file a written itemized statement of the factual and contractual details, amount, and supporting documents relating to each such claim . . . ."

(*See* Green Book 00 73 84.A, ECF No. 1-3.)

After a claim is filed with the Engineer, a multi-step administrative review process follows. (*Id.*) This process begins with initial review by the "Inspector assigned to the project, the Engineer, and the Division Head." (*Id.*) Unfavorable decisions may then be appealed to the Bureau Head and ultimately to the Director of the applicable Department. (*Id.*) This process must be exhausted before a claim may be submitted for "review on the record by a court of competent jurisdiction." (*Id.*) The Green Book states that "[t]he conditions of this section shall be held and taken to constitute a *condition precedent to the right of the Contractor* to prosecute a claim and recover additional time or cost notwithstanding any provisions of the Contract Documents . . . and shall also *apply to all claims by the Contractor* in any way arising out of or relating to the complete project or portions of the project, even though claims and or work involved may be regarded as "outside the Contract." (*Id.* (emphasis added).) The Green Book further provides that "nothing in this section shall be held or taken to enlarge in any way the *rights* of the Contractor or the *obligations* of the City under the Contract Documents." (*Id.* (emphasis added).)

The SC 852R and SC 845R Contracts both involved construction of components for the Patapsco Wastewater Treatment Plant.[3] (Compl. ¶ 2, ECF No. 1.) During the course of performance on the Projects, Plaintiff contended that it encountered a variety of obstacles in

---

[3] These projects are only two of a total of three projects awarded to BBII by the Mayor and City Council of Baltimore, all related to the Patapsco Wastewater Treatment Plant. The third project was the subject of a prior action for declaratory relief filed in this Court by Fru-Con Construction, LLC, which this Court dismissed for lack of subject matter jurisdiction. *See Fru-Con Construction,* 2014 WL 6675625 at * 1.

4

the completion of the Projects such that Plaintiff filed an action in this Court seeking to circumvent the administrative dispute process outlined above. *See Balfour Beatty Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, No. RDB-15-1745, 2016 WL 878328 (D. Md. Mar. 8, 2016), *aff'd*, 855 F.3d 247 (4th Cir. 2017). This Court dismissed Plaintiff's case for failure to exhaust administrative remedies, explaining that "the contract [does] not place time limits on" the administrative process and that the Green Book provides that the time for administrative review will depend on the "complexity and circumstances of the claim(s)." *Id.* at *6. On January 14, 2020, the City issued a Final Acceptance for both Projects, mere weeks before the COVID-19 Pandemic ravaged the United States. (Compl. ¶ 7.)

On November 30, 2020, Plaintiff filed this third action seeking this Court's intervention in the administrative process, alleging that Defendants violated BBII's due process rights by "wrongfully delay[ing]" the process. (Compl. ¶ 30.) Defendants filed their presently pending Motion to Dismiss on January 22, 2021. (ECF No. 15.)

## STANDARD OF REVIEW

**I.   Motion to Dismiss under Rule 12(b)(1)**

A motion to dismiss for failure to exhaust administrative remedies is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction,

5

or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).

## II. Motion to Dismiss under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal

quotation marks omitted)).  Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Defendants argue that Plaintiff's claims for a writ of mandamus directing Defendants to specifically perform under the Contracts (Counts II and III) must be dismissed for failure to exhaust administrative remedies.  In addition, Defendants assert that Plaintiff has failed to state a claim for a due process violation (Count I).  Once again, for the THIRD time, the Plaintiff's claims will be dismissed.  For the reasons discussed below, this Dismissal is WITH PREJUDICE.

**I.   Plaintiff has failed to exhaust its administrative remedies for its mandamus claim (Counts II, III).**

This Court provided a detailed explanation of the principles and purposes of administrative exhaustion under Maryland law in *Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, No. RDB-15-1745, 2016 WL 878328 (D. Md. Mar. 8, 2016), *aff'd*, 855 F.3d 247 (4th Cir. 2017), incorporates that discussion herein by reference.  In this case, as in the previous cases, BBII must exhaust the administrative procedures outlined in its Contracts and incorporated documents.  The Green Book, pursuant to the directive of the Baltimore City Charter, explicitly requires administrative exhaustion before the complainant may submit the dispute to "review on the record by a court of competent jurisdiction pursuant to the Baltimore City Charter."  (*See* Green Book 00 73 84.A, ECF No. 1-3.)

In Counts II and III, BBII requests that this Court "enter a writ of mandamus directing the Chief and Director to perform their ministerial duties under the Contracts in a reasonable period of time."  (Compl. ¶ 53.)  "Mandamus is a 'drastic' remedy, which is

'reserved for extraordinary situations' in which the petitioner has no other adequate means to attain the relief he desires.'" *Shilling v. Thomas*, Case No. PWG-16-2696, 2017 WL 1035854, at * 11 (D. Md. Mar. 16, 2017) (quoting *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999)). The United States Court of Appeals for the Fourth Circuit has noted that it is "well established" that "the existence of [] administrative procedures will preclude the issuance of a writ of mandamus…." *U.S. ex rel. Rahman*, 198 F.3d at 515. Accordingly, a writ of mandamus, as requested in this case, "would have courts interrupt the specified administrative process and cross the lines of authority created by statute." *See Cumberland County Hosp. System, Inc. v. Burwell*, 816 F.3d 48, 56 (4th Cir. 2016). Plaintiff's argument that the Defendants have wrongfully delayed the administrative process does not warrant mandamus relief here. As the Fourth Circuit explained in *Cumberland*, "[e]ven if the backlog were fully attributable to the [defendant's] mismanagement, 'our respect for the autonomy and comparative institutional advantage of the executive branch' must make us mighty 'slow to assume command over an agency's choice of priorities.'" *Id.* (quoting *In re Barr Labs., Inc.*, 930 F.2d 72, 74 (D.C. Cir. 1991)).

Plaintiff wholly fails to show that the administrative dispute process is unavailable to it or that Defendants have refused to act on the claims Plaintiff has presented. Accordingly, Plaintiff has failed to meet the high burden of demonstrating that Defendants are without jurisdiction to administratively decide its claim and counts II and III must be dismissed.

## II.     Plaintiff has failed to state a claim for violation of due process (Count I).

Plaintiff BBII alleges that Defendants have violated its due process rights by "unreasonably delaying resolution of claims." (Compl. ¶ 37.) In order to state a valid

procedural due process claim, a plaintiff must demonstrate: (1) that it had a property interest; (2) of which the State deprived it; (3) without due process of law. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 826 (4th Cir. 1995). The Fourteenth Amendment does not create property interests. "Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In order for a plaintiff to have a constitutionally protected property interest in a particular benefit, he must "have a legitimate claim of entitlement to it." *Id.; see also Mallette v. Arlington County Employees' Supplemental Retirement Sys. II,* 91 F.3d 630, 634–35 (4th Cir.1996). Due process of law generally requires that a deprivation of property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *See also Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Fourth Circuit recognizes that unless there is "some prejudicial, fundamentally unfair element" in the administration of the administrative process, "if [plaintiff's] day in court was fair (albeit imperfect) and the outcome reliable, then due process was achieved." *Betty B. Coal Co. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 194 F.3d 491, 501 (4th Cir. 1999).

The thrust of BBII's allegation is that, during the COVID-19 Pandemic, Defendants have wrongfully delayed the processing of 17 claims, 112 change orders, and 54 million dollars in dispute. However, Plaintiff offers no factual allegations whatsoever in support of this alleged "wrongful" delay nor does Plaintiff identify any prejudicial or fundamentally unfair element in the administrative process. As noted in this Court's March 8, 2016

decision in *Balfour Beatty Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, No. RDB-15-1745, which the Fourth Circuit affirmed on appeal, the Contracts at issue do "not place time limits on" the administrative process and the Green Book provides that the time for administrative review will depend on the "complexity and circumstances of the claim(s)." 2016 WL 878328 at *6.

The Supreme Court of the United States has also noted that the mere existence of a delay in an administrative dispute process does not constitute a claim for violation of due process. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985). In *Loudermill*, the Supreme Court rejected plaintiff's due process claim when he "offer[ed] no indication that his wait was unreasonably prolonged other than the fact that it took nine months." *Id*. Accordingly, the Supreme Court found that the "chronology of the proceedings set out in the complaint, coupled with the assertion that nine months is too long to wait, does not state a claim of a constitutional deprivation." *Id*. Likewise here, Plaintiff's complaint that Defendants have wrongfully and unreasonably delayed the administrative process, without any details or supporting facts, fails to state a claim for violation of due process.

Finally, this Court already determined that "the Green Book does not require that the City follow any administrative review procedures prior to taking liquidated damages." *Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, No. RDB-15-1745, 2016 WL 878328 (D. Md. Mar. 8, 2016), *aff'd*, 855 F.3d 247 (4th Cir. 2017). The Fourth Circuit affirmed this Court's decision, noting that the question of whether Defendants must hold a hearing prior to assessing liquidated damages must itself be resolved in the administrative claims process. *Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, 855 F.3d

247, 252 (4th Cir. 2017). Consequently, Plaintiff's due process claim (Count I) must also be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 15) is GRANTED. Accordingly, all claims by Plaintiff Balfour Beatty Infrastructure, Inc. against Defendants are DISMISSED WITH PREJUDICE.

Dated:	February 26, 2021

/s/
Richard D. Bennett
United States District Judge